

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00457-CV

**IN THE INTEREST OF H.H.L.** Jr., J.C., and J.P. Jr., Children

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2015PA00420
Honorable Charles E. Montemayor, Associate Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  November 23, 2016

AFFIRMED

The trial court terminated Janie's[1] parental rights to her three children. On appeal, Janie

contends there is legally and factually insufficient evidence to support the trial court's finding that

termination of her parental rights is in the children's best interest. We affirm the trial court's

judgment.

### BACKGROUND

The Department of Family and Protective Services filed a petition for termination of Janie's

parental rights and for conservatorship of the children. The case proceeded to a bench trial during

which one witness, Department caseworker Adrienne Elligan testified. Although Janie's ad litem

---

[1] To protect the identity of the minor children, we refer to the appellant by her first name and to the children by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014); TEX. R. APP. P. 9.8(b)(2).

attorney appeared on her behalf, she was not personally present at trial. After the parties presented closing argument, the trial court terminated Janie's parental rights, finding she constructively abandoned the children, failed to complete her court-ordered family service plan, and endangered the children by using a controlled substance. Janie appeals.

STANDARD OF REVIEW

A judgment terminating parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2016). To determine whether this heightened burden of proof was met, we employ a heightened standard of review to determine whether a "factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). "This standard guards the constitutional interests implicated by termination, while retaining the deference an appellate court must have for the factfinder's role." *In re O.N.H.*, 401 S.W.3d 681, 683 (Tex. App.—San Antonio 2013, no pet.). We do not reweigh issues of witness credibility but defer to the factfinder's reasonable determinations of credibility. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005).

A legal sufficiency review requires us to examine the evidence "in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We assume the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could have done so, and we disregard all evidence that a reasonable factfinder could have disbelieved or found incredible. *Id.* But we may not simply disregard undisputed facts that do not support the finding; to do so would not comport with the heightened burden of proof by clear and convincing evidence. *Id.*

When conducting a factual sufficiency review, we evaluate "whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its

finding." *Id.* The evidence is factually insufficient "[i]f, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction." *Id.*

## DISCUSSION

"To terminate parental rights, the fact-finder must find by clear and convincing evidence that . . . termination is in the best interest of the child." *In re J.P.B.*, 180 S.W.3d at 572. The best-interest determination is a wide-ranging inquiry, and the Texas Supreme Court has set out some factors relevant to the determination:

- the desires of the child;
- the emotional and physical needs of the child now and in the future;
- the emotional and physical danger to the child now and in the future;
- the parental abilities of the individuals seeking custody;
- the programs available to assist these individuals to promote the best interest of the child;
- the plans for the child by these individuals or by the agency seeking custody;
- the stability of the home or proposed placement;
- the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and
- any excuse for the acts or omissions of the parent.

*Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976). The list is not exhaustive, and not every factor must be proved to find that termination is in the child's best interest. *In re C.H.*, 89 S.W.3d at 27. Evidence of only one factor may be sufficient for a factfinder to form a reasonable belief or conviction that termination is in the child's best interest—especially when undisputed evidence shows that the parental relationship endangered the child's safety. *Id.* "Evidence that the parent has committed the acts or omissions prescribed by section 161.001 may also be probative in determining the child's best interest; but the mere fact that an act or omission occurred in the past does not *ipso facto* prove that termination is currently in the child's best interest." *In re O.N.H.*, 401 S.W.3d at 684 (internal citation omitted).

- 3 -

Department caseworker Elligan testified Janie told her she "was on heroin and it was hard for her to shake the habit of using the drug." Elligan testified Janie previously had been discharged unsuccessfully from drug treatment programs. She stated that after Janie finally completed a drug treatment program, Janie did not submit to drug testing. Elligan testified she inferred Janie was unable to maintain her sobriety. She also testified Janie suffered from anxiety and "always fe[eling] like everyone was against her," but Janie did not want to take any medication, never filled her prescriptions, and explained she did not have enough money for medication.

Elligan further testified she reviewed the family service plan with Janie and although Janie engaged in some services, she did not complete her required individual counseling. She testified Janie did not attend all of her family visits. Elligan stated Janie stopped making contact with the Department approximately four months before trial and she would not return Elligan's calls or texts. The record also reflects Janie was not present at trial. Elligan also stated Janie had no electricity at her house and it appeared no one had been at her house in a while because the "grass is high."

Elligan testified the oldest child is in juvenile detention for manslaughter because "[h]e was playing with a gun and shot his friend." The Department's plans for the younger two children are to have their aunt adopt them. Elligan explained the two younger children were placed with their aunt, and they have bonded with her. She further stated their aunt nurtures the children; is seeking a bigger house; and takes them out to eat, to Sea World, and on fishing trips. Elligan testified the children love Janie, but one of the children informed her he is "scared [Janie] is going to overdose and die."

The record before us contains evidence that Janie is addicted to heroin; she is unable to remain drug free; she does not take her prescribed medication; she refused to remain in contact with the Department for four months before trial; she missed several of her visits with the children;

and she did not show up for trial. The oldest of the three children is in juvenile detention for manslaughter. The younger two children were placed with their aunt, and there is evidence they are bonded with her and she meets their needs. There is evidence that while the children love their mother, they do not want to live with her and are afraid she will overdose and die. We hold a factfinder could reasonably form a firm belief or conviction that termination of Janie's parental rights is in the children's best interest. *See In re C.H.*, 89 S.W.3d at 25; *see also In re S.P.*, — S.W.3d —, No. 08-15-00360-CV, 2016 WL 4801597, at \*3 (Tex. App.—El Paso Sept. 14, 2016, no. pet. h.) (explaining missing family visits supports best-interest finding); *In re A.B.*, 412 S.W.3d 588, 601-07 (Tex. App.—Fort Worth 2013) (en banc) (per curiam) (op. on reh'g) (explaining inability to maintain suitable home for children and ability of foster parents to adopt and provide for children supported a best-interest finding), *aff'd*, 437 S.W.3d 498 (Tex. 2014); *In re D.J.H.*, 381 S.W.3d 606, 614 (Tex. App.—San Antonio 2012, no pet.) (noting parent's use of heroin, among other facts, supported trial court's best-interest finding).

## CONCLUSION

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice